OPINION
Plaintiff-appellant, the state of Ohio, appeals from an order of the Butler County Court of Common Pleas finding defendant-appellee, Jerry W. Ray, to be a sexual predator. In September 1992, Ray pled guilty to one count of gross sexual imposition in violation of R.C. 2907.05(A)(1) and two counts of contributing to the unruliness of a minor in violation of R.C.2919.24(A)- (2). Ray did not appear for his scheduled sentencing hearing in November 1992. A capias was entered for his arrest, and he was eventually sentenced in October 1996. On January 1, 1997 and July 1, 1997, subsequent to Ray's conviction and sentencing, but prior to his release from prison, Ohio's sexual predator statute, Amended Substitute House Bill 180 ("H.B. 180"), codified in part at R.C. Chapter 2950, became effective. In August 1997, following a hearing pursuant to R.C. 2950.09(C), the trial court determined that Ray is a sexual predator. In its analysis, the trial court also concluded that the "labeling" as sexual predator and subsequent community notification provisions are both punitive and substantive and, therefore, cannot be applied to these offenders without violating the Ex Post Facto clause of the U.S. Constitution and the retroactive clause of the Ohio Constitution. The trial court ordered the Department of Rehabilitation and Correction ("DRC") to refrain from entering in Ray's institutional record the fact that Ray had been labeled a sexual predator, and directed that Ray register as a sexual offender, not a sexual predator, upon his release from prison.[1]
The state contests the trial court's order insofar as the trial court finds that the "labeling" and notification provisions of H.B. 180 are unconstitutional as applied to offenders whose convictions predate the statute. We addressed this issue recently in State v. Lyttle (Dec. 22, 1997), Butler App. No. 96-03-060, unreported. In Lyttle, we determined that the classification and notification provisions are neither punitive nor substantive. As applied to offenders who were convicted and sentenced prior to the enactment of H.B. 180 and who were still in prison when H.B. 180 came into effect, we held that the "sexual predator classification provision and attendant registration, address verification, and community notification requirements contained in the act * * * violate neither the federal prohibition against ex post facto laws nor Ohio's prohibition against retroactive legislation." Id. at 2. Accordingly, on the authority of Lyttle, we sustain the state's appeal. We reverse the trial court as to this issue and remand this cause for the trial court to enter an order that recognizes the constitutionality of H.B. 180 in this context and otherwise complies with the dictates of the statute. The state's first assignment of error is sustained.
Judgment reversed and remanded.
POWELL, P.J., concurs.
KOEHLER, J., dissents.
[1] The former version of R.C. Chapter 2950 required "habitual sex offenders" to register with law enforcement officials in the offender's city or county of residence. See former R.C. 2950.02
(repealed July 1997). An "habitual sex offender" was defined as a person convicted two or more times for sex offenses. See R.C.2950.01 (repealed by H.B. 180, Section 2, effective January 1, 1997).